Commonwealth *v.* Quarles, Appellant.

232

Submitted March 18, 1974.   Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Leonard Sosnov* and *John W. Packel,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*Albert L. Becker* and *David Richman,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., September 23, 1974:

The defendant-appellant was arrested on October 10, 1972, accused of robbing a bar in Philadelphia on September 20, 1972.  He was subsequently indicted on charges of aggravated robbery, burglary and various

weapons offenses. After waiving his right to trial by jury, the defendant was tried and convicted. On appeal the defendant charges that seriously prejudicial evidence was admitted during the trial, causing reversible error.

Between the time of the defendant's arrest and his trial he had gained weight and had altered the pattern of his facial hair. The bartender testified that he was not completely sure whether the defendant was one of the men who robbed the bar due to these changes, although the owner of the bar, also present during the robbery, testified that he was positive that the defendant was one of those who committed the crime. To support the identification testimony, the Commonwealth introduced the testimony of the detective who arrested the defendant when he presented himself at the station following the issuance of a warrant for his arrest. The detective testified that at the time of arrest the defendant was much thinner, had a different hair style and was in poor physical condition. The judge, seeking an explanation of this last characterization, asked the detective what he meant by that, to which the detective replied: "At the time he was dependent on narcotics very heavily and his condition had deteriorated. He had scabs on his arms which don't appear to be there now." Now challenged on appeal, this statement was not then objected to by defense counsel, nor was it argued in the post-trial motions. Thus the issue before this Court on appeal is whether the detective's explanation in response to the judge's question constituted a fundamental impairment of the defendant's right to a fair trial. The principal thrust of the defendant's contention in this regard is that drug addiction and criminal conduct are so highly correlated, that testimony indicating that the defendant was a drug addict is tantamount to testimony that he has engaged in prior criminal conduct.

First, this question is one of first impression in Pennsylvania, and we are not persuaded that we should now recognize that a jury will infer from evidence of the defendant's drug addiction that he engaged in prior criminal conduct and, therefore, was predisposed to commit the crime with which he is charged.

Nor will we expand the exclusionary rule concerning prior criminal conduct to encompass a physical condition not criminal in and of itself and which, to be associated with prior criminal activity, requires the jury to make conjectural or suppositional findings of prior criminal conduct despite the lower court's cautionary instructions on the defendant's right to be presumed innocent.

Appellant urges that we hold the admission of the detective's testimony so erroneous and prejudicial that it constituted reversible error and requires the granting of a new trial. We disagree. First of all, even if the defendant had objected to the testimony, it cannot be said to raise an inference, as a matter of law, that addiction to narcotics is evidence of prior criminal conduct. Secondly, even admitting its prejudicial effect at trial, when we consider the fact that no objection to its admission was ever raised in the court below, that the tavern owner in this case positively identified defendant as the robber, that we must take the evidence in the light most favorable to the Commonwealth and lastly, that the testimony in and of itself cannot be said to be of such a character or nature as to have deprived appellant of a fair and impartial trial, we find that the defendant was not sufficiently prejudiced so as to entitle him to a new trial: *Commonwealth v. Dancer,* 452 Pa. 221 (1973); *Commonwealth v. Kosik,* 452 Pa. 230 (1973); *Commonwealth v. Miller,* 448 Pa. 114 (1972); *Commonwealth v. Kontos,* 442 Pa. 357 (1971); *Commonwealth v. Jennings,* 442 Pa. 18 (1971); *Commonwealth v. Williams,* 432 Pa. 557 (1968).

Since, in the instant case, no objection was made at trial, and the propriety of testimony was not attacked in the defendant's post-trial motions, we will not accept the defendant's belated invitation to balance the probative value of the testimony against its prejudicial affect.[1]  See *Commonwealth v. Paquette,* 451 Pa. 250 (1973); *Commonwealth v. Johnson,* 450 Pa. 575 (1973); *Commonwealth v. Jones,* 446 Pa. 223 (1971); *Commonwealth v. Battle,* 225 Pa. Superior Ct. 378 (1973). Finding no fundamental impairment of the defendant's right to a fair trial, we will affirm. We add this one caveat, however. This kind of testimony, herein admitted without objection, is not likely to meet with favor in the courts of this Commonwealth, when a proper and timely objection is made. First, we concur in the statement of Professor McCormick that evidence of the defendant's addiction to narcotics is "pregnant with prejudice." McCormick, Law of Evidence, §45 at p. 99 (1954). Second, because it will ordinarily require proof of the defendant's low financial status, in some cases such evidence also may offend against the public policy which forbids showing as motive the defendant's need for money.[2]  Therefore, before the court permits such testimony over objection, it should consider the inherently prejudicial nature of

---

[1] In *Davis v. United States,* 409 F. 2d 453 (D.C. Cir. 1969), the trial court allowed highly prejudicial testimony concerning the defendant's impoverished condition to be admitted into evidence. The circuit court found that the defendant failed to make a proper objection and stated: "When the trial judge noted that the question was relevant to motive, defense counsel did not object that it resulted in a prejudice that outweighs relevance." The court, therefore, affirmed.

[2] "Undoubtedly, a lack of money is logically connected with a crime involving financial gain. The trouble is that it would prove too much against too many." 2 Wigmore on Evidence, §392 (3rd ed. 1940). Narcotics addiction, in comparison, proves far more against far fewer.

such testimony and carefully determine whether its probative value and need is sufficiently strong to justify its admission. McCormick on Evidence, §190 at pp. 451-54 (2d ed. 1972).

Judgment of sentence is affirmed.

HOFFMAN and SPAETH, JJ., concur in the result.