## Commonwealth v. Evans

*Charles M. Guthrie, Jr.*, for Commonwealth.
*William F. Ochs, Jr.*, for defendant.

WESNER, *J.*, October 6, 1978—Defendant, Kenneth Lee Evans, was convicted by a jury of the crimes of prohibited offensive weapons[1] and former convict not to own a firearm, etc.[2] on March 23, 1978. Defendant has filed a motion for a new trial and/or in arrest of judgment.

Initially, defendant argues that the trial court erred in not granting a new trial on the basis of the testimony of Commonwealth witness Emmanuel H. Dimitriou, Esq., on the grounds that he testified to an unrelated prior criminal offense of defendant. Prior conviction is an essential element of the crime of "former convict not to own a firearm, etc." To establish this element, the Commonwealth first called Felix Chila, a deputy clerk for the courts of Berks County. He testified to entering sentence in case 183 of September Sessions, 1967. In case 183, defendant was convicted of robbery by assault and force and robbery by accomplice.

The Commonwealth's next witness was Emmanuel H. Dimitriou, Esq., who identified defendant as the individual he represented during sentencing in cases 183 and 184 September Sessions, 1967. The reference by Dimitriou to 184 prompted defendant to move for a mistrial on the grounds that mentioning 184 was both irrelevant and highly prejudicial. The motion was denied but the jury was instructed to disregard the allusion to 184.

The case law in Pennsylvania is that previous criminal activity may not be admitted against a defendant as substantive evidence of the crimes

---

1. Prohibited offensive weapons: Act of December 6, 1972, P.L. 1482, 18 C.P.S.A. §908.

2. Former convict not to own a firearm, etc.: Act of December 6, 1972, P.L. 1482, 18 C.P.S.A. §6105.

charged: Com. v. Clark, 453 Pa. 449, 309 A. 2d 589 (1973); Com. v. Groce, 452 Pa. 15, 303 A. 2d 917 (1973), U.S. cert. den. 414 U.S. 975; Com. v. Horvath, 446 Pa. 11, 285 A. 2d 185 (1971). The Supreme Court of this state put this principle succinctly in the case of Com. v. Burdell, 380 Pa. 43, 110 A. 2d 193 (1955).

"One of our most fundamental and prized principles in the administration of criminal law is that a distinct crime, except under certain special circumstances, cannot be given in evidence against a defendant who is being tried for another crime. This is because the fact that a person has committed one offense is not proof that he has committed another and because the effect of such testimony upon a jury is nevertheless bound to create prejudice and an emotional reaction on their part against the defendant." 380 Pa. at 47.

The test of whether prior criminal activity has been mentioned is "whether or not a juror could reasonably infer from the facts presented the accused had engaged in prior criminal activity." Com. v. Allen, 448 Pa. 177, 181, 292 A. 2d 373 (1972). In the instant case 184 was raised only by number and no crime was mentioned. Defendant concedes that the reference was made inadvertently. Does this reference automatically command a new trial?

In the case of Com. v. Clark, supra, the Pennsylvania Supreme Court mandated a new trial on the basis of a reference by a witness indicating that defendant had spent time in prison. The court noted that a balancing test of weighing the prejudicial effect versus the probative value is not used. The court stated that the decision was based on the fact

that "Pennsylvania law has specifically limited the admission of evidence of this nature to certain limited exceptions." 453 Pa. at 453.

The Pennsylvania high court has recently clarified this area of the law in Com. v. Williams, 470 Pa. 172, 368 A. 2d 249 (1977). In Williams, one of the Commonwealth's witnesses mentioned the possibility of drug use on the part of defendant who was charged with larceny and burglary. The trial court immediately gave curative instructions to the jury in regard to the witness's remark. The appellate court emphasized that fairness required reference only to those previous acts of criminal activity or misconduct which directly relate to the crime charged. However, the court definitely stated that a new trial is not always commanded: "However, even though this is a fundamental principle deeply imbedded in our jurisprudence, we have never ascribed [sic] to the view that all improper references to prior criminal activities necessarily require the award of a new trial as the only effective remedy." 470 Pa. 178, 368 A. 2d at 252.

The court continued: "Although we reiterate the admonition to trial courts and prosecutors that they should exercise every possible precaution against the introduction of improper references to prior unrelated criminal activities of the accused, we nevertheless recognize that there will be situations where, even with the greatest care, such evidence may inadvertently impregnate a trial." 470 Pa. 178, 368 A. 2d at 252.

In the instant case, the reference was slight and curative instructions were given immediately. The Supreme Court in Williams acknowledged that there are some situations where curative instructions would not remove the prejudicial impact.

However, the case at bar was not envisioned as such a situation.

Defendant also contends that the Commonwealth failed to present sufficient credible evidence to warrant the return of a guilty verdict by defendant. The evidence must be reviewed in the light most favorable to the Commonwealth as verdict winner: Com. v. Blevins, 453 Pa. 481, 309 A. 2d 421 (1973). Where evidence is conflicting at the trial, the credibility of the witnesses is solely for the jury. The jury is free to disregard all, some, or none of the testimony: Com. v. Keller, 249 Pa. Superior Ct. 384, 378 A. 2d 347 (1977). The Commonwealth case here rested largely on testimonial evidence of eyewitnesses whom the jury apparently chose to believe. It is our view that there is sufficient evidence in the record to sustain the conviction on both counts.

## ORDER

And now, October 6, 1978, the motion by defendant for a new trial and/or in arrest of judgment is hereby dismissed.