452 A.2d 548

COMMONWEALTH of Pennsylvania

v.

Donald M. LAUGHMAN, Appellant.

Superior Court of Pennsylvania.

Submitted May 11, 1982.

Filed Nov. 5, 1982.

Samuel K. Gates, York, for appellant.

William T. Hast, Assistant District Attorney, York, for Commonwealth, appellee.

Before CAVANAUGH, CIRILLO and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in not declaring a mistrial when the victim testified over objection to unrelated prior criminal activity of appellant. We agree and, accordingly, reverse the judgment of sentence and grant a new trial.

On October 21, 1979, the victim received severe facial injuries in an altercation with appellant in the bathroom of a York County tavern. Appellant was subsequently found guilty of assault in a jury trial and following the denial of post-trial motions and the imposition of sentence, took this appeal.

Appellant contends that the lower court erred in refusing his motion for mistrial made after the following testimony:

[District Attorney]: Could you tell us how you were acquainted with [appellant]?

[Victim]: I ran into [appellant] at the Lucky Spot Restaurant, I guess about a year ago. I really don't know the time anymore. I was in there with Barbara Wagaman, who is sitting back there, and we were eating breakfast. This was after we left the Tavern about 1:00 o'clock, 2:00 o'clock and [appellant] came in with two other guys. He sat down, and I don't know what he was saying, I wasn't listening to him because it was him and two other guys. He had spit in my food and I looked down at the food and he came leaping over the table and I jumped up and we both grabbed butcher knives and we both were arrested, and he was found guilty and they left me go.

(N.T. January 22, 1980 at 7–8). Appellant immediately objected and moved for a mistrial. The Commonwealth informed the court that the testimony had been inadvertent and that the victim had in fact been told not to mention the prior record. The lower court instructed the jury to disregard the statement but refused to grant the motion for mistrial.

The decision whether to grant a mistrial is within the sound discretion of the lower court and will not be reversed absent an abuse thereof. *Commonwealth v. Seigrist,* 253 Pa.Superior Ct. 411, 418, 385 A.2d 405, 408 (1978). "It is a principle of long standing in this Commonwealth that evidence of a distinct crime, except under special circumstances,[1] is inadmissible against a defendant who is being tried for another crime, because the commission of one

---

1. Evidence of prior crimes may be used to show (1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme, plan or design embracing commission of two or more crimes so related to each other that proof of one tends to prove the other; or to establish the identity of the person charged with the commission of the crime on trial. *Commonwealth v. Morris, supra,* 493 Pa. at 174–175, 425 A.2d at 720. The Commonwealth has not alleged, nor do we find, any of the limited exceptions applicable.

crime is not proof of the commission of another, and the effect of such evidence is to create prejudice against the defendant in the jury's mind." *Commonwealth v. Morris,* 493 Pa. 164, 174–175, 425 A.2d 715, 720 (1981). Passing references to criminal activity will not necessarily require reversal unless the record illustrates that prejudice results. "Prejudice results where the testimony conveys to the jury, either expressly or by reasonable implication, the fact of a prior criminal offense." *Commonwealth v. Nichols,* 485 Pa. 1, 4, 400 A.2d 1281, 1282 (1979). *See Commonwealth v. Washington,* 488 Pa. 133, 138, 411 A.2d 490, 492 (1979). The infusion of such evidence into trial effectively strips a defendant of his presumption of innocence. *Commonwealth v. Spruill,* 480 Pa. 601, 604–05, 391 A.2d 1048, 1049–1050 (1978); *Commonwealth v. Brown,* 280 Pa.Superior Ct. 303, 307, 421 A.2d 734, 736 (1980). "Evidence of prior criminal activity . . . is probably only equalled by a confession in its prejudicial impact upon a jury." *Commonwealth v. Spruill, supra* 480 Pa. at 604–05, 391 A.2d at 1049–1050. Although curative instructions may suffice to remove the taint of certain unintentional and innocuous references, *see Commonwealth v. Williams,* 470 Pa. 172, 178, 368 A.2d 249, 252 (1977), a "specific reference to prior unrelated criminal conduct which would be so offensive and prejudicial as to mandate a mistrial," cannot be so cured. *Id.,* 470 Pa. at 179 n. 4, 368 A.2d at 252 n. 4. *See Commonwealth v. Fortune,* 464 Pa. 367, 374, 346 A.2d 783, 787 (1975); *Commonwealth v. Durant,* 268 Pa.Superior Ct. 191, 194, 407 A.2d 1311, 1312 (1979). Although the presently disputed testimony was inadmissible, the lower court refused the mistrial motion because the statement "was brought into the testimony during cross-examination by the defense, was not pursued by the Commonwealth and was later referred to by [appellant] in his testimony, [and thus] the Court's cautionary instructions were sufficient." Lower Court Op. at 3. Contrary to the lower court's findings, however, the testimony was elicited by the Commonwealth on direct. Although the Commonwealth did

not pursue this line of inquiry, the single instance unnecessarily conveyed to the jury the express fact of a prior criminal offense and thus mandated a mistrial. *See Commonwealth v. Nichols, supra.* The prejudice aroused by such a specific reference to appellant's prior unrelated criminal activity precluded the effectiveness of any curative instructions.[2] *Commonwealth v. Williams, supra; Commonwealth v. Fortune, supra.* Finally, appellant's subsequent testimony about his prior conviction was necessitated by the lower court's error in not granting the mistrial. Appellant was forced to minimize the impact of the prejudicial comment upon the jury and chose to do so by testifying to explain the circumstances of his crime. We shall not penalize appellant for strategies designed to overcome the error of the lower court.

Accordingly, because we find the prejudice caused by the victim's reference to appellant's prior unrelated criminal activity incapable of being remedied by curative instructions, we reverse the judgment of sentence and remand for a new trial.[3]

Judgment of sentence reversed and new trial granted.

**2.** Moreover, the lower court's purportedly curative instruction did nothing to lessen the damage of the improper reference. The court instructed that "I don't know what he's talking about, and I expect you don't know what he's talking about, and therefor you should disregard what he said with regard to the fact that [appellant] was found guilty of something over which neither you nor I know what he's talking about." (N.T. January 22, 1980 at 9). The lower court did not instruct the jury that the victim's allegations were wholly irrelevant to the present case. Rather, it instructed the jury to disregard the comments because they did not have enough facts to adequately assess the incident, despite their having been told that appellant had attacked the victim with a knife and was subsequently convicted. The jurors were not only capable of "reasonably inferring" that appellant was involved in some prior criminal activity, *see Commonwealth v. Washington, supra,* but they were also told the specific circumstances of the crime. To hold that they were unable to discern appellant's prior criminal activity presupposes a naivete we are unable to accept.

**3.** Because of our disposition of this matter, we need not address appellant's remaining contentions.