485 A.2d 502

**COMMONWEALTH of Pennsylvania**

v.

**Lonnie COBURN, Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 7, 1984.

Filed Dec. 7, 1984.

Petition for Allowance of Appeal Denied April 16, 1985.

John H. Corbett, Jr., Public Defender, Pittsburgh, for appellant.

Melinda G. Tell, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before BROSKY, WATKINS and HESTER, JJ.

WATKINS, Judge:

This appeal is from the Judgment of sentence of the Court of Common Pleas, Criminal Division, of Allegheny County after jury conviction of the defendant-appellant, Lonnie Coburn, of voluntary manslaughter and from the refusal of the court below to modify the sentence of one and one-half (1 and ½) to five (5) years.

The first contention of the appellant on appeal is that the Commonwealth failed to meet its burden of proving beyond a reasonable doubt that the defendant was not justified in killing the victim to protect himself.

The facts indicate bitter feelings between the victim and the defendant which stem from drinking and a mutual interest in Alice McGhee, female owner of 901 Bar and the alleged girlfriend of the defendant a bartender there. The victim had some financial interest in the 901 Bar.

In the early morning hours of August 30, 1981, an argument arose between defendant, Coburn, and victim, Davis. Prior to this argument, defendant had threatened victim's life on several occasions according to witnesses' testimony. A fight ensued outside the bar, and victim struck the defendant with a pool cue. They separated with the defendant remaining at 901 Bar and Davis going to an adjoining bar. The 901 Bar was without electricity due to unpaid

electrical bills. A few minutes later, Davis entered the 901 Bar and was shot immediately in the chest by a gun fired by the defendant from behind the bar. As he fell, Davis pulled his gun and fired several shots, one of which struck the defendant causing him to be paralysed.

■ First, the appellant argues that as a matter of law the Commonwealth failed to meet its burden of proving beyond a reasonable doubt that the defendant was not justified in taking the life of the victim in self-defense. *Commonwealth v. Lavette*, 498 Pa. 665, 450 A.2d 975 (1982); *Commonwealth v. Cropper*, 463 Pa. 529, 345 A.2d 645 (1975).

"Before we can say that the prosecution has not met the burden, our review of the evidence must show that at least one of the following has been established beyond a reasonable doubt:

(1) that the defendant did not reasonably believe he was in danger of death or serious bodily harm;

(2) that the defendant provoked the use of force;

(3) that the defendant had a duty to retreat, and the retreat was possible with complete safety.

"Establishment beyond a reasonable doubt of *any one* of these elements will insulate the conviction from a defense challenge to the sufficiency of the evidence in a case where self-protection is at issue." *Commonwealth v. Helm*, 485 Pa. 315, 402 A.2d 500–503 (1979), citing *Commonwealth v. Eberle*, 474 Pa. 548–554, 379 A.2d 90–93 (1977). (Emphasis added)

■ From the record the evidence is clear that the defendant's state of mind as manifested by the several threats against the victim's life was that of one avenging the assault.

As the court below pointed out:

"A material factor precipitating the encounter between the two men was the relationship existing (severally) between them and Alice McGhee, the owner of The 901

Bar—defendant's initial threats were uttered along with a warning that the victim was to 'stay away from Alice McGhee.' It is to be noted that the shotgun used in the killing had been kept behind the bar for some months. Defendant had repeatedly threatened the victim's life in front of witnesses, and had in fact done so to witness Jackson immediately prior to the victim's entry into the unlighted bar. The time lapsed only long enough for the witnes to place himself behind the bar and pour a drink. The victim entered. There was no conversation before Jackson heard one loud shot and Kelly Davis saying, 'You son of a bitch, you done shot me.' Neither the interval of time between the threat and the shooting, nor any other occurance prior to the victim's arrival at The 901 Bar suggests other than that defendant lay in wait and fired the shotgun upon seeing Kelly Davis.

"From the evidence it is clear that the jury could have reasonably inferred that defendant, enraged by the victim's attack on him with a pool cue, acted in the heat of passion, carrying out his thrice reiterated intention to kill the victim. The sequence of events recounted at trial contradicts a theory of self defense as the killing occurred *immediately* upon Davis' entrance, with no prior confrontation in the bar before the fatal blast was fired. From the evidence it is clear that Davis had no opportunity, after walking through the doorway, to place defendant in the fear of death or serious bodily injury so as t justify the shooting as done in defense of self.

"The jury obviously was satisfied beyond a reasonable doubt that the Commonwealth had met its burden of disproving defendant's right to act in self-defense."

Secondly, the appellant asserts the trial court erred in allowing the introduction of "other crimes evidence" based on the Commonwealth's examination of Commonwealth witness Sanders which was:

Q. Up until this point in time, what was the relationship between Lonnie and Kelly?

A. Friends.

208

Q. Did they spend a lot of time together?
A. Yeah, they were together sometimes.
Q. Did you ever see them fight before?
A. Once, when Alice was saying about when Kelly knocked him off the stool.
Q. Okay. What happened on that particular occasion?
A. Lonnie was behind the bar pouring drinks and he wasn't allowed behind the bar at all. Because the money had started coming up short, and there would be no liquor. So he wan't allowed behind the bar anymore. And he had stock—
At this point defense counsel requested a sidebar conference.

■ With respect to evidence of other criminal activities of defendant which have no relation to his current charges, the general rule is that the Commonwealth may not introduce such evidence. *Commonwealth v. Spiegel*, 311 Pa. Superior Ct. 135, 141, 457 A.2d 531, 534 (1983); *Commonwealth v. Grim*, 249 Pa. Superior Ct. 441, 446, 378 A.2d 377, 379 (1977). In *Commonwealth v. Richardson*, 496 Pa. 521, 526, 437 A.2d 1162, 1165 (1981), the Supreme Court, citing *Commonwealth v. Williams*, 470 Pa. 172, 368 A.2d 249 (1977), said:

(W)e have never ascribed to the view that all improper references to prior criminal activities necessarily requires the award of a new trial as the only effective remedy... *The nature of the reference and whether the remark was intentionally elicited by the Commonwealth are considerations relevant to the determination of whether a mistrial is required.*

*Id.* at N. 4 (1165). (Emphasis added).

■ Applying these criteria to the testimony in the present case, the lack of intent to elicit information of other criminal conduct and the ambiguous reference to other crimes in an unresponsive answer preclude the declaration of a mistrial based on prejudice.

■ Lastly, the appellant argues the court erred in refusing to modify the sentence imposed on appellant. Im-

position of a proper sentence is a matter vested in the sound discretion of the trial court, whose determination will not be disturbed on appeal but for a manifest abuse of discretion. *Commonwealth v. Knepp*, 307 Pa. Superior Ct. 535, 539, 453 A.2d 1016, 1018 (1982). The Superior Court has held that a sentence of imprisonment for a paraplegic is not excessive, per se. *Commonwealth v. Landi*, 280 Pa. Superior Ct. 134, 421 A.2d 442 (1980). Taking into consideration defendant's criminal history, the nature of the crime charged, and the sentence imposed was considerably less than the possible maximum allowed under the applicable guidelines, the sentence imposed was appropriate.

■ If appellant is dissatisfied with his prison conditions, his remedy is to petition the prison authorities for a transfer to a facility better equipped to attend to his special needs. *Commonwealth v. Landi*, supra.

Judgment of sentence affirmed.

BROSKY, J., filed a concurring opinion.

BROSKY, Judge, concurring:

While I agree with the result reached by the majority, I note that appellant has also raised the issue that there was additional evidence of other crimes to which defense counsel was ineffective for not objecting. Although appellant did not raise this issue in the "statement of questions involved" portion of his brief, he has incorporated it into his argument that the trial court erred in failing to declare a mistrial when the Commonwealth introduced evidence of other crimes. For the reasons that follow, I would find that the issue has been waived.

First, appellant did not raise the issue his statement of matters complained of on appeal. See Pa.R.A.P. 1925(b). In order to preserve an issue of ineffectiveness of counsel, it must be raised at the earliest stage of the proceedings in which the defendant is represented by counsel other than that whose effectiveness is challenged. *Commonwealth v. Webster*, 490 Pa. 322, 416 A.2d 491 (1980).

Instantly, appellant had been appointed new counsel approximately three months before the filing of the statement of matters complained of on appeal. Arguably, this could be considered the first stage at which the ineffectiveness issue should have been raised. Had it been so raised, the lower court, if it had been necessary, could have held an evidentiary hearing on the issue and dealt with it in its opinion filed pursuant to Pa.R.A.P. 1925(a).

In any event, the issue unquestionably has been waived under Pa.R.A.P. 2116(a). This rule provides in relevant part as follows:

> The statement of the questions involved must state the question or questions in the briefest and most general terms... This rule is to be considered in the highest degree mandatory, admitting of no exception; ordinarily no point will be considered which is not set forth in the statement of questions involved or suggested thereby.

As noted above, no issue of ineffective assistance of counsel is set forth in appellant's statement of questions involved nor is suggested thereby. Thus, I conclude that this issue has been waived. See *Commonwealth v. Calloway*, 313 Pa.Super. 173, 459 A.2d 795 (1983).