584 A.2d 927

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Thomas BARKELBAUGH, Appellant.**

Supreme Court of Pennsylvania.

Submitted Sept. 28, 1990.

Decided Dec. 31, 1990.

134

---

Anthony W. DeBernardo, Jr., Richard H. Galloway & Associates, Greensburg, for appellant.

John J. Driscoll, Dist. Atty., Judith Karns Ciszek, Asst. Dist. Atty., Amy Keim, Greensburg, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

PAPADAKOS, Justice.

Appellant argues in this case that he suffered from ineffective assistance of counsel for failure to object, move for a new trial, or demand a jury instruction to the prosecutor's closing remarks regarding his unemployment status at the time of the robbery.[1] The failure, it is alleged, allowed in motive evidence to commit the crime and thereby permitted an improper impeachment of his credibility in his testimony to the court that he had an alibi to the crime.

Appellant was convicted by a jury of the robbery of a supermarket with a handgun concealed in his shirt. He was sentenced to prison for a term of ten to twenty years. As to his claim of ineffective assistance, raised with new counsel, the Superior Court vacated this sentence and remanded the case for a hearing on that issue. The trial court found no basis for the claim, but on new appeal the Superior Court affirmed his contention that trial counsel's failure lacked a reasonable basis. The Superior Court, nevertheless, refused to remand again on the grounds that the ineffectiveness did not result in the prejudice required by *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987).[2]

The only evidence at trial which inculpated Appellant was the eyewitness testimony of the store cashier. Six weeks after the crime, she selected Appellant in a police line-up and positively identified him as the perpetrator. She repeated the identification at trial on both direct and cross-examination, although admitting that the actor had a scarf across his face "up to his nose" (T.T., p. 49) and that she was frightened at the time (T.T., p. 66).

1. Although the defendant also raised an allegation of error by the trial court under Rule 1100, allocatur was granted only on the single issue of ineffective assistance of counsel. The Superior Court as well found no merit to speedy trial claims.

2. The Superior Court orders without opinions are listed at 366 Pa.Super. 634, 526 A.2d 1230 (1987) and 386 Pa.Super. 644, 555 A.2d 936 (1989).

Pertinent to this appeal, Appellant offered two statements in his defense. First, he told the court that he had earned a college degree granted summa cum laude and was interviewing for a job. Omitted from this testimony, of course, was the fact that the degree had been earned while he had been jailed on a different conviction. Second, on cross-examination and without objection, he testified to his alibi:

Q. And am I not correct that you indicated that you were not employed at this time?

A. No, ma'am. I wasn't.

Q. When were you last employed?

A. Several years ago at Westinghouse.

Q. That would be 1978 or thereabouts.

A. 1980.

Q. And you had indicated that you have no specific recollection of December 18, 1984; isn't that correct?

A. The only thing I can say is like I know it was the week before Christmas. The week before Christmas my brother-in-law and I, you know were out shopping almost the whole week, you know, usually at South Hills Village or Century III Mall on Route 51, and I—you know, I spoke to him, and we can't specifically remember where we were on December 18th. We don't know what mall we were in.

In her closing remarks to the jury, and again without defense objection, the prosecutrix stated in pertinent part:

But more than that, I think that [Appellant's] own testimony establishes to you the motive to commit the robbery. He is an unemployed man; the last job he ever had was seven years ago. He had no income. He lives with his brother. Yet he had the ability to Christmas-shop, as he testified. And he says I was not there. That is what he says. And I think I was Christmas shopping. And that was only after he said on direct that he did not knew where he was. He then remembered that he probably was Christmas shopping with his brother. But that was

not verified. He could not tell us what mall he was at or where he was on December 18, 1984. (Emphasis added).

Ascribing unemployment as a motive for committing a crime violates our holding in *Commonwealth v. Haight*, 514 Pa. 438, 525 A.2d 1199 (1987). In *Haight*, the defense was an alibi—that the accused was asleep somewhere else—as opposed to the testimony of a co-conspirator that he had participated in the burglary. On these facts, we decided in *Haight* that "the introduction of evidence which arguably tends to ascribe the element of motive ... cannot be deemed to be harmless in this instance, since it would reflect directly on his credibility.... [I]t is certainly a reasonable possibility" that, believing the alibi, the defendant could have been found not guilty by the jury. "The introduction of inadmissible evidence at trial tending to cast a new and not merely cumulative element ... given the position of the parties involved, puts an unmeasurable variable into the proceeding and the jury's deliberation." *Id.*, 514 Pa. at 441, 525 A.2d 1199.

In deciding *Haight*, we followed our previous ruling in *Commonwealth v. Williams*, 470 Pa. 172, 368 A.2d 249 (1977), that one in need of money is more likely to steal is impermissible evidence.[3] Writing for the *Haight* majority in affirming *Williams*, Justice Zappala concluded that the defendant "should be entitled to have his credibility judged free of any prejudicial taint or interference which may have some unknown effect on this outcome, especially when his testimony directly contradicts that of his co-conspirators." 514 Pa. at 442, 525 A.2d 1199.

The posture of the instant case squares in all respects with *Haight*. The closing statement of the prosecutrix is

---

**3.** Justice Nix (now Chief Justice) rejected the motive argument in *Williams* as follows at 470 Pa. 177, n. 3, 368 A.2d 249:

[T]his argument does not demonstrate an intent or reason to commit a specific act charged, but merely accentuates the propensity of the accused to commit a crime of this nature. It is this general predisposition to commit crimes that this principle of law was designed to eliminate. If we were to construe the "motive exception" as suggested, we would completely abrogate the principle relating to references to prior criminal misconduct.

unequivocal in its intent to impeach the Appellant's credibility by establishing a financial motive to commit the crime and thereby employing that allegation to taint his alibi. That tactic is prohibited by *Haight*. Because the language used by the prosecutrix was intended to demonstrate motive, moreover, we reject the Commonwealth's contention that the remark had another purpose of simply providing fair comment on Appellant's own testimony that because he is an educated person, he was less likely to have committed the crime. See Commonwealth's brief, pp. 7–8. Here there is no doubt as to the purpose of her statement.

Failure of defense counsel to object, or to request an instruction or motion for mistrial constituted ineffective assistance by prejudicing his case. *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987). Under any reasonable view of these facts, the jury could have believed his alibi instead of accepting the testimony of the eyewitness.

Based on this record, trial counsel's omission, reasonably argued, had an adverse effect on the outcome, since an objection "would have offered a potential for success substantially greater than the tactics used." *Commonwealth v. Clemmons*, 505 Pa. 356, 479 A.2d 955 (1984), as cited in *Pierce*, 515 Pa. at 162, 527 A.2d 973. Under this analysis, therefore, we cannot say that the verdict was reliable because the use of the prohibited language constituted a breakdown of the adversary process. The trial, in effect, was stacked unfairly against Appellant because the jury could have been misled into concluding that the Appellant lacked credibility. We judge that the deficient performance by trial counsel deprived Appellant of a fair trial under Article I, Section 9 of the Pennsylvania Constitution.

The case is remanded for a new trial consistent with this decision.

McDERMOTT, J., files a dissenting opinion.

McDERMOTT, Justice, dissenting.

The evidence of unemployment was not offered as a motive for the robbery in this case. It was a fair comment

on the alibi offered and addressed to the credibility of the appellant, that he, unemployed for seven years was Christmas shopping. Certainly a consideration on the question of credibility.