**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Amable Raphael VALERIO, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 26, 1998.

Filed April 23, 1998.

Michael P. Gough, Public Defender, Milford, for appellant.

Steven R. Guccini, Asst. Dist. Atty., Milford, for Com., appellee.

Before KELLY, STEVENS and HOFFMAN, JJ.

STEVENS, Judge.

This is an appeal from the judgment of sentence entered after a jury found Appellant Amable Valerio guilty of reckless endangerment.[1] Appellant claims that the trial court erred in failing to grant a mistrial. First, Appellant claims that the trial court should have granted a mistrial because the jury array viewed him while he was in handcuffs. Second, Appellant claims that testimony by a state trooper improperly provided the jury with evidence of his prior criminal record which prejudiced his case and should have resulted in a mistrial. We affirm.

The relevant facts are as follows: Pennsylvania State Troopers were dispatched to Appellant's home after receiving a report that Appellant was threatening to shoot himself. Upon arrival at the home, the state troopers knocked at the door and received no response. Fearful that Appellant may harm himself, the troopers entered the home. The troopers found Appellant in a dark bedroom, clutching a rifle. The troopers warned Appellant to put the gun down. Instead of relinquishing the rifle, Appellant menaced the troopers for approximately one minute until, finally, he relinquished the gun to the troopers. Appellant was charged with a variety of crimes, including reckless endangerment.[2]

Following a jury trial, Appellant was found guilty of recklessly endangering another person and was sentenced to a term of imprisonment of one to two years. This appeal followed.

As stated by our Supreme Court, "[a] motion for a mistrial is addressed to the discretion of the [trial] court. It is primarily within the court's discretion to determine whether a defendant was prejudiced by the misconduct." *Commonwealth v. Duffey*, 519

Pa. 348, 362, 548 A.2d 1178, 1184–1185 (1988). We will address appellant's assignments of error in accordance with this standard.

Appellant first claims that he was prejudiced because the jury array may have viewed him while he was being transported in handcuffs.[3] The thrust of Appellant's argument is that it is inherently prejudicial for jurors to see a defendant while he is handcuffed. Appellant ostensibly claims that his appearance in handcuffs "brand[ed] him as convicted in the state's eyes," *Commonwealth v. Keeler*, 216 Pa.Super. 193, 195, 264 A.2d 407, 409 (1970), thus destroying the presumption of innocence which every defendant enjoys. He further claims that the trial court should have provided a cautionary instruction to the jury.

Our Pennsylvania Supreme Court has considered this issue and has concluded to the contrary. Where a defendant was possibly viewed by the jury panel while handcuffed in the hall outside of the courtroom, but no evidence was presented by the defendant that there was any prejudice or that any juror actually saw him, the trial court properly refused a request for mistrial. *See Commonwealth v. Davis*, 466 Pa. 102, 351 A.2d 642 (1976). Moreover, we addressed this issue in *Commonwealth v. McGonigle*, 228 Pa.Super. 345, 323 A.2d 733 (1974). In *McGonigle*, we stated: "It is settled law that a mere accidental observation of a defendant in handcuffs outside a courtroom by a juror does not, without more, require the granting of a mistrial, although a cautionary instruction by the trial court on the event will be appropriate." *Id.* at 352, 323 A.2d at 736. In the absence of a request for such an instruction, however, this Court has declined to grant a new trial. *Id.*

 Here, the evidence reveals that Appellant was possibly seen by some members

---

1. 18 Pa.C.S.A. § 2705.

2. Appellant was found not guilty of all charges with the exception of the reckless endangerment charge.

3. Appellant failed to move for mistrial until three days after the event occurred. Although the trial court could have properly found Appellant's motion untimely and subject to a "manifest necessity" standard, as set forth in Pa.R.Crim.P. § 1118(b), for purposes of granting or denying mistrial, we have chosen to address this issue as timely.

of the entire jury array while he was in handcuffs. Appellant claims that while being transported he passed an area where the entire jury array was congregated. However, Appellant failed to show any evidence that any part of that jury array actually noticed or saw him while he was being transported.

Moreover, Appellant did not move for a mistrial or bring this incident to the trial court's attention until three days after it occurred. At no point did Appellant ask for a curative instruction. Accordingly, we find that a new trial is not warranted. *McGonigle, supra.*[4]

Appellant also contends that a mistrial should have been granted after testimony was given by a state trooper which revealed that Appellant was awaiting sentencing on an unrelated charge. During direct examination, the following exchange occurred between the Commonwealth and Pennsylvania State Police Trooper George Confer, a Commonwealth witness:

**Commonwealth**: During the conversation when you were there with Trooper Richards and Mr. Valerio [Appellant] did Mr. Valerio indicate anything to you that he was aware of who you were and why you were at the house?

**Trooper Confer**: Yes

**Commonwealth**: What did he indicate to you?

**Trooper Confer**: For the most part, during that conversation he was concerned with his family. He was telling us that he was suppose to [sic] appear here to be sentenced.

**Commonwealth**: Your Honor, can we approach the bench.

**The Court**: Sure.

N.T. 5/8/97 pp. 20–21. After the trooper made the statement, the Commonwealth requested a sidebar, and Appellant moved for a mistrial. After the sidebar, the trial court gave a curative instruction to the jury instructing them to disregard the statement.

 With respect to evidence of other criminal activities of a defendant which have no relation to his current charges, the general rule is that the Commonwealth may not introduce such evidence. *Commonwealth v. Coburn*, 336 Pa.Super. 203, 485 A.2d 502 (1984). However, the Pennsylvania Supreme Court has stated, "[W]e have never ascribed to the view that all improper references to prior criminal activities necessarily require the award of a new trial." *Commonwealth v. Richardson*, 496 Pa. 521, 526, 437 A.2d 1162, 1165 (1981) (*quoting Commonwealth v. Williams*, 470 Pa. 172, 178, 368 A.2d 249, 252 (1977)). Thus, there is no "per se" rule requiring a new trial for every reference of this type. Rather, the decision whether to declare a mistrial when faced with this situation is within the sound discretion of the trial judge. *Commonwealth v. Colon*, 264 Pa.Super. 314, 321, 399 A.2d 1068, 1071 (1979). "The nature of the reference and whether the remark was intentionally elicited by the Commonwealth are considerations relevant to the determination of whether a mistrial is required." *Coburn*, 336 Pa.Super. at 208, 485 A.2d at 505. When the court "is convinced beyond a reasonable doubt that the error did not contribute to the verdict, we may hold that reversal is not required because the error was harmless." *Commonwealth v. Green*, 315 Pa.Super. 564, 577, 462 A.2d 736, 742 (1983); *Commonwealth v. Weakland*, 273 Pa.Super. 361, 417 A.2d 690 (1979). Further, "[m]ere 'passing references' to prior criminal activity do not warrant reversal unless the record illustrates that prejudice resulted from the references." *Commonwealth v. Bowermaster*, 297 Pa.Super. 444, 451, 444 A.2d 115, 118 (1982) (*citing Commonwealth v. Nichols*, 485 Pa. 1, 4, 400 A.2d 1281, 1282 (1979)).

 Applying these criteria to the challenged testimony in the instant case, we conclude that the remarks objected to did not rise to the level of depriving Appellant of a

---

4. The instant case is distinguishable from *Commonwealth v. Cruz*, 226 Pa.Super. 241, 311 A.2d 691 (1973), where a defendant was handcuffed in front of a portion of the jury while still in the court room. Clearly, in *Cruz, supra,* a portion of the jury was present and viewing the defendant while he was being handcuffed. In the instant matter, Appellant presented no evidence that the jury actually saw him while he was in handcuffs.

fair and impartial trial, and, therefore, no grounds for a mistrial existed. The Commonwealth requested the sidebar after the statement was made, made no effort to exploit the statement and, in fact, requested the curative instruction. Also, the trial court in a prompt and timely manner instructed the jury to disregard the trooper's statement. We find that the trial court's cautionary instruction was sufficient to cure any error, and it is presumed that the jury followed the court's instructions. *Commonwealth v. Travaglia,* 541 Pa. 108, 661 A.2d 352 (1995). Additionally, as the trial court noted, Appellant was acquitted of several of the more serious offenses with which he was charged. For all of the foregoing reasons, we find that no prejudice resulted from the statement.

Accordingly, the decision of the trial court is affirmed.

Affirmed.