J-S41022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEWART C. SMITH | |
| Appellant | No. 977 MDA 2016 |

Appeal from the Judgment of Sentence May 16, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0003032-2013

BEFORE: GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.: **FILED AUGUST 18, 2017**

Stewart C. Smith appeals from the judgment of sentence, entered in the Court of Common Pleas of Dauphin County, following his conviction for sexual assault,[1] indecent assault-without consent of other[2] and simple assault.[3] After careful review, we affirm.

On May 6, 2013, Smith was charged with multiple offenses stemming from the alleged rape of his then-girlfriend, Angela Lewis. On April 25, 2014, following a two day jury trial, Smith was convicted of the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3124.1.

[2] 18 Pa.C.S. § 3126.

[3] 18 Pa.C.S. § 2701(a)(3).

aforementioned charges. During Smith's jury trial, the Commonwealth elicited testimony and/or referenced, several times, the subject of Smith's prior crimes, including a burglary, and his then present incarceration due to a state parole detainer.[4] However, Smith's trial counsel, Autumn Walden, Esquire, only requested a mistrial at one juncture in Smith's jury trial, immediately following the Commonwealth's closing argument. On July 29, 2014, Smith was sentenced to an aggregate sentence of 7 to 14 years of state incarceration.

Smith filed no post sentence motions; however, Smith did file a notice of appeal on August 1, 2014. Attorney Walden was permitted to withdraw and Smith was ordered to file a Pa.R.A.P. 1925(b) statement of errors

_____

[4] The Commonwealth made inquiry and/or elicited testimony regarding Smith's prior criminal history and incarceration several times during trial: "[Smith] was incarcerated at the **Camp Hill Prison**." N.T. Trial, 4/24/14, at 223 (emphasis added); 2. "Did you go visit [Smith] in **jail**?" N.T. Trial, 4/24/14, at 236 (emphasis added); 3. "[Y]ou told us that in 1997 you had a **burglary charge**. . . . I was – I was on drugs, and **I committed a string of burglaries**." N.T. Trial, 4/25/14, at 309-10 (emphasis added); 4. Do you find it hard to believe that you're still in love with a woman that accused you of raping her and has put you in **prison** for the last year?" N.T. Trial, 4/25/14, at 309-10 (emphasis added).

The Commonwealth also twice referenced Smith's prior criminal history and incarceration during its closing argument: "[I]t came out in the defense's testimony that . . . he had nothing else [because] he was on **parole**." N.T. Trial, 4/25/14, at 360 (emphasis added); "He had time . . . to think about this traumatic thing that he was accused of in **state prison**." N.T. Trial, 4/25/14, at 367 (emphasis added).

complained of on appeal. Smith then filed a motion for new trial *nunc pro tunc* on August 27, 2014, which was denied on August 29, 2014.

On October 9, 2014, the trial court held a **Grazier**[5] hearing, at which time the Dauphin County Public Defender's Office took over Smith's case. The Public Defender's Office was granted extra time to file an amended Rule 1925(b) statement. The amended statement was filed November 4, 2014. On November 13, 2014, the trial court issued its 1925(a) opinion. On November 20, 2014, the Dauphin County Public Defenders Office filed a notice of discontinuance of action pursuant to Pa.R.A.P. 1973.

Smith filed a timely *pro se* petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, on December 14, 2014. On November 23, 2015, Smith filed a supplemental PCRA petition and a supporting legal memorandum. On April 18, 2016, the PCRA court found Smith's sentence exceeded the statutory maximum and filed a PCRA order granting Smith a resentencing hearing and giving notice of intent to dismiss his other PCRA claims. The trial court resentenced Smith to 4½ to 10 years' imprisonment on May 10, 2016, and the trial court entered the sentencing order on the docket on May 16, 2016. Smith filed a post-sentence motion for a new trial on May 27, 2016, which the trial court denied on June 7, 2016. On June 8, 2016, Smith timely appealed the trial court's May 16,

---

[5] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

2016 sentencing order and the June 7, 2016 order denying his post-sentence motion.[6] On June 27, 2016, Smith filed a Rule 1925(b) statement. Smith raises the following issues on appeal:

> 1. Whether [Smith's] [d]ue [p]rocess rights were violated by the continual referencing of his incarceration and other prior criminal offenses?
>
> 2. Whether the trial [c]ourt erred by not granting a mistrial, when requested by trial counsel, due to the referencing of incarceration and other criminal offenses by the Commonwealth?
>
> 3. Whether the trial Court erred by not [o]rdering a mistrial *sua sponte* as manifest necessity required a mistrial?
>
> 4. Whether [Smith] should be discharged under double jeopardy as the references to other crimes and state prison incarceration were intentional?

Brief of Appellant, at 3.

Smith first claims that the Commonwealth violated his due process rights by continually referencing his incarceration and other criminal offenses at trial. "A question regarding whether a due process violation occurred is a question of law for which the standard of review is *de novo* and the scope of review is plenary." ***Commonwealth v. Smith***, 131 A.3d 467, 472 (Pa.

---

[6] Smith attached cash slips to his docketing statement, which show he placed his mail with the post-sentence motion in the hands of prison officials on May 19, 2016. ***See*** Pa.R.A.P. 121(a) ("A *pro se* filing submitted by a prisoner incarcerated in a correctional facility is deemed filed as of the date it is delivered to the prison authorities for purposes of mailing or placed in the institutional mailbox, **as evidenced by a properly executed prisoner cash slip** or other reasonably verifiable evidence of the date that the prison deposited the *pro se* filing with the prison authorities.") (emphasis added).

2015). However, in order to preserve his claim for appellate review, Smith must have complied whenever the trial court ordered that he file a Rule 1925(b) statement; any issues not raised in such statement will be deemed waived. *See Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998). When a trial court orders a Rule 1925(b) statement, the statement must specify the error to be addressed on appeal. *Commonwealth v. Dowling*, 778 A.2d 683 (Pa. Super. 2001). Further, when a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. *Id.* at 686-87 ("[A] [c]oncise [s]tatement which is too *vague* to allow the court to identify the issues raised on appeal is the functional equivalent of no [c]oncise [s]tatement at all.") (emphasis added).

Instantly, Smith's concise statement was not specific enough for the trial court to identify and address his claim.[7] *See* Trial Court Opinion, 10/27/16, at 11 ("[Smith's] blanket assertion that his due process rights were violated provides [the Court of Common Pleas of Dauphin County] with very little context in which to examine this."). Smith's vague Rule 1925(b) statement has fatally hampered this Court's review, and thus, this issue is waived.[8] *Dowling*, *supra*.

---

[7] Smith's Rule 1925(b) statement states, in relevant part: "4. Commonwealth violated [Smith's] Due Process rights under the 5th and 14th Amendment[]s to the U.S. Constitution and Pennsylvania's Constitution Art. 1 Sec. 9." Concise Statement of Errors Complained of on Appeal, 6/27/16, at 2.

Smith next claims that the trial court erred in not granting a mistrial. Specifically, Smith avers that his due process rights were violated because the Commonwealth referenced his incarceration and other criminal offenses at trial. The remedy of a mistrial is within the sound discretion of the trial court, and a court need only grant a mistrial where the alleged prejudicial event may reasonably be said to deprive the defendant of a fair, impartial trial. *Commonwealth v. Messersmith*, 860 A.2d 1078, 1092 (Pa. Super. 2004). When dealing with a motion for mistrial due to a reference to past criminal behavior, the nature of the reference and whether the Commonwealth intentionally elicited the remark are considerations relevant to the determination of whether a mistrial is required. *Commonwealth v. Kerrigan*, 920 A.2d 190, 199 (Pa. Super. 2007). Mere passing references to a defendant's prior criminal activity do not warrant reversal, unless the record illustrates that prejudice resulted from the references. *Commonwealth v. Valerio*, 712 A.2d 301, 303 (Pa. Super. 1998). Where an appellant fails to request a mistrial when the alleged prejudicial event occurs, the issue is not preserved for appellate review. *Commonwealth v. Bell*, 562 A.2d 849, 853 (Pa. Super. 1989).

During closing argument, the Commonwealth made passing references to Smith's parole and his incarceration in a state prison facility due to a state parole detainer. N.T. Trial, 4/25/14, at 360, 367. Immediately upon conclusion of the Commonwealth's closing argument, Smith's trial counsel requested a mistrial. *Id.* at 373. Thus, Smith has preserved this claim for

our review. However, as Smith did not request a mistrial following the Commonwealth's other references to prior criminal behavior at trial, we are constrained to limit our review to the passing references made by the Commonwealth during its closing argument. ***Bell***, ***supra***. Specifically, Smith challenges the following references from the Commonwealth's closing argument:

> [Lewis] paid all of the bills. She had the family, the children, the grandchildren. She had it all.
>
> [Smith] had nothing. He had no way to support himself. And unfortunately, it came out in the defense's testimony that, literally, he had nothing else [because] ***[Smith] was on parole***.
>
> \* \* \*
>
> [Smith] knew his story really, really, really well for a whole year later, after drinking a bottle of liquor. He remembered thing that I[, the prosecutor,] [cannot] remember from two nights ago.
>
> He had time, right, to think about his traumatic thing that he was accused of in ***state prison*** [sic].

N.T. Trial, 4/25/14, at 360, 367 (emphasis added).

Here, the Commonwealth's reference to Smith's parole was merely a reiteration of Smith's own testimony that his dependence on Lewis as a provider was, in part, a function of his status as a parolee. N.T. Trial, 4/25/14, at 251-253, 261. Additionally, at trial, Smith's trial counsel conceded that she believed the Commonwealth's reference to Smith's time in state prison was unintentional. ***Id.*** at 374 ("Attorney Walden: I'm not saying it was intentional, but it came out."); ***Kerrigan***, ***supra***. Following

our review of the record, we can discern no prejudice that resulted from the Commonwealth's passing references to Smith's parole and/or incarceration. *Valerio*, *supra*. Accordingly, we find the trial court's denial of Smith's request for a mistrial did not constitute an abuse of discretion. *Messersmith*, *supra*.

Finally, Smith claims the trial court erred in not granting a mistrial *sua sponte*, as required by manifest necessity,[9] and that his charges must be discharged under double jeopardy. However, neither of Smith's remaining two claims were preserved in an objection lodged at trial nor were they raised in his Rule 1925(b) statement. A concise statement of errors complained of on appeal must concisely identify each ruling or error that Smith intends to challenge with sufficient detail to identify all pertinent issues for the judge. *See* Pa.R.A.P. 1925(b)(4)(ii). Further, issues not included in the Rule 1925(b) statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived. Pa.R.A.P. 1925(b)(4)(vii); *Lord*, *supra*. Therefore, we are constrained to find these two issues waived on appeal.

Judgment of sentence affirmed.

---

[9] When an event prejudicial to the defendant occurs during trial only the defendant may move for mistrial; the motion shall be made when the event is disclosed. Otherwise, the trial judge may declare a mistrial only for reasons of **manifest necessity**. Pa.R.C.P. 1118(b).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/18/2017