481 A.2d 1221
**COMMONWEALTH of Pennsylvania**

v.

**John L. MILLER, Appellant.**

Superior Court of Pennsylvania.

Argued March 22, 1984.

Filed Sept. 21, 1984.

60

William T. Cannon, Philadelphia, for appellant.

Leslie A. Sudock, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BECK, TAMILIA and HOFFMAN, JJ.

BECK, Judge:

Appellant John Miller was convicted of third degree murder, possession of an instrument of crime, and criminal conspiracy in connection with the stabbing death of William Hightower in North Philadelphia. On appeal from the judgment of sentence, appellant contends that the trial court erred in denying a defense motion for a mistrial based on the allegedly prejudicial testimony of a Commonwealth witness. We affirm.

The statement complained of was made by Commonwealth witness Otis Canty while being cross-examined by defense counsel. On direct examination, Canty had testified that he and appellant were "a little bit" friendly. Defense counsel decided to probe further into the nature of the relationship between Canty and the appellant, and the following exchange ensued:

Q. You say that on the 30th of November, 1980, you were a little bit friendly with John Miller. What's that mean, you were a little bit friendly?

A. A little bit.

Q. Is that what you said?

A. Yes, that's what I said.

Q. All right. What's that mean, you were a little bit friendly?

A. See, me and him, we had went through this thing because I didn't come to see him *while he was in jail the last time.* So he seemed like every time—

MR. CANNON: Objection, Your Honor. Objection. I'm sorry, Mr. Canty. I have an objection. Ask to see the court at sidebar.

N.T. 8/11/81 at 135–36 (emphasis added).

Defense counsel immediately moved for a mistrial. The trial court recessed the jury in order to hold a hearing on the motion. Although the court denied the motion for mistrial, before resuming trial the next day the court offered to give a cautionary instruction. This offer was refused by defense counsel.

 While it is clear that, with certain exceptions not relevant to the instant case,[1] evidence of a defendant's involvement in prior criminal activity is inadmissible, not every reference to prior criminal activity requires a mistrial. *Commonwealth v. Richardson,* 496 Pa. 521, 437 A.2d 1162 (1981). Under the appropriate circumstances, a cautionary instruction will be sufficient to dispel any taint arising from the irrelevant and inadmissible evidence. In *Richardson,* the Supreme Court held that "[t]he nature of the reference and whether the remark was intentionally elicited by the Commonwealth are considerations relevant to the determination of whether a mistrial is required." 496 Pa. at 526–27, 437 A.2d at 1165.

 The court in the instant case did not err in declining to grant a mistrial. First, the statement of the witness was an isolated, passing reference which the Commonwealth did not seek to elaborate upon or otherwise exploit further.

---

1. These exceptions include the use of evidence of prior crimes to establish motive, intent, the absence of mistake or accident, a common scheme, plan, or design, or the identity of the person charged. *Commonwealth v. Laughman,* 306 Pa.Super. 269, 452 A.2d 548 (1982).

The witness' remark did not give details of the prior offense. Therefore, the nature of the statement was not inherently highly prejudicial.

■ Secondly, the remark at the issue was elicited by defense counsel on cross-examination. In *Commonwealth v. Frank*, 263 Pa.Super. 452, 469, 398 A.2d 663, 672 (1979), we held that "[w]hen ... defense counsel puts a question to a witness that cannot be answered fairly without a statement of fact as explanation, then the explanation is deemed to be invited by counsel, and complaint that it was added to the answer cannot be made." This principle controls the instant case. Defense counsel clearly wanted the witness to explain why he was only "a little bit" friendly with appellant, and counsel persisted in the face of the witness' reluctance to explain until he received a full answer. The witness' answer was responsive to the question, and the question could not be answered fairly without some reference to the facts behind the rift in the friendship between the witness and the appellant. Having demanded a complete answer, counsel must accept the answer given. *See Commonwealth v. Gilliard*, 300 Pa.Super. 469, 475, 446 A.2d 951, 954 (1982) ("It is well settled that the defendant must assume the risk of his counsel's questions and he cannot benefit on appeal when his own cross-examination elicited an unwelcome response").

Appellant's reliance on *Commonwealth v. Rivers*, 238 Pa.Super. 319, 357 A.2d 553 (1976), is misplaced. Although the objectionable evidence of prior crimes in *Rivers* was elicited by defense counsel on cross-examination, the testimony was not deemed invited by defense counsel because it was not responsive to counsel's question. The question required only a "yes" or "no" answer.

■ At most, therefore, the remarks of witness Canty called for a cautionary instruction. No instruction was given, though, because defense counsel refused the court's offer to give an instruction. Counsel stated that he was declining the court's offer because an instruction would

only draw further attention to the remark. When counsel chooses to refuse appropriate curative instructions for this legitimate tactical reason, the defense may not plead prejudice on appeal.[2] *Commonwealth v. Quartman*, 253 Pa.Super. 460, 385 A.2d 429 (1978); *See also Commonwealth v. Kingsley*, 480 Pa. 560, 391 A.2d 1027 (1978).

Having found no reversible error, we affirm the judgment of sentence.

**2.** Appellant further argues in his brief that the court did not make an effective offer of cautionary instructions because its offer was untimely. The court did not offer to give instructions until the day after it had recessed the jury. Appellant has waived this claim of error because it was not included in his post-trial motions or in his statement of questions presented in his brief, both of which stand on the claim that the court erred in *denying a mistrial.*

Furthermore, we find that the trial court acted properly and in appellant's best interests when it recessed the jury in order to give full and careful consideration to appellant's motion for a mistrial rather than shooting from the hip in the heat of the trial. No proceedings before the jury would have intervened between the witness' remark and the cautionary instruction. Lapse of time does not automatically render curative instructions ineffective. *See Gilliard,* where we held that any prejudice arising out of a statement in the prosecutor's summation was adequately cured by an instruction contained in the charge to the jury.