J-S16003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TIMOTHY SHOATES | |
| Appellant | No. 466 EDA 2015 |

Appeal from the Judgment of Sentence January 22, 2015
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0006980-2013

BEFORE: OTT, J., DUBOW, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED FEBRUARY 03, 2016**

Appellant Timothy Shoates appeals from the January 22, 2015 judgment of sentence entered in the Montgomery County Court of Common Pleas following his jury trial conviction for aggravated assault and receiving stolen property.[1]  We affirm.

On September 1, 2013, Steven Hedrick witnessed an argument in the parking lot of the Riverside Apartments in Norristown, Pennsylvania[2] between Appellant and Hollie Keller.  N.T., 9/2/2014, at 27-28.  Upon seeing Mr. Hedrick, Appellant confronted Mr. Hedrick and hit his face with a gun, causing significant injuries to Mr. Hedrick's face and hearing loss in one ear.

_____

[1] 18 Pa.C.S. §§ 2702(a)(4) and 3925(a), respectively.

[2] Both Ms. Keller and Mr. Hedrick lived at the Riverside Apartments.  N.T., 9/2/2014, at 26, 94.

*Id.* at 29-31, 36-37. Appellant and Ms. Keller, who had two children together, left the parking lot in a black vehicle. *Id.* at 33-34, 95.

A short time later, the police received a call from Ms. Keller stating a male with a gun was following her. N.T., 9/2/2014, at 55. When police arrived, Ms. Keller was visibly upset and crying, and was walking toward the Riverside Apartments. *Id.* at 56-57. She informed the officers that Appellant had hit her with a gun, that Mr. Hedrick had witnessed an argument between her and Appellant, and that Appellant had hit Mr. Hedrick with a gun. *Id.* at 57-59. Ms. Keller also showed the officers bruises, which were consistent with being hit by a gun. *Id.* at 58-59.

When the police officers located Appellant, he was in a black vehicle and the officers saw a gun through the car window. N.T., 9/2/2013, at 73; N.T., 9/10/2014, at 17, 24. The police officers later learned that the gun's owner had reported the gun stolen. N.T., 9/10/2014, at 8.

On September 10, 2014, a jury found Appellant guilty of aggravated assault with a deadly weapon of Mr. Hedrick and receiving stolen property. The jury acquitted Appellant of the assault of Ms. Keller.[3]

On January 22, 2015, the trial court sentenced Appellant to the following consecutive terms of incarceration: 3 to 10 years' incarceration for the aggravated assault conviction and 1½ to 5 years' incarceration for the

_____

[3] Ms. Keller did not testify at trial.

receiving stolen property conviction. Appellant filed a timely notice of appeal. Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant raises the following issue on appeal:

> Whether the [t]rial [c]ourt erred and abused its discretion by allowing into evidence testimony from a witness[,] Paul Keller, over counsel's objection, concerning certain prior bad acts and other prejudicial, irrelevant testimony.

Appellant's Brief at 5.

Appellant's issue challenges the trial court's evidentiary ruling. The admissibility of evidence is a matter solely within the discretion of the trial court, and we will reverse an evidentiary ruling only if an abuse of discretion has occurred. *Commonwealth v. Nypaver*, 69 A.3d 708, 716 (Pa.Super.2013) (quoting *Commonwealth v. Hernandez*, 39 A.3d 406 (Pa.Super.2012)). "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Commonwealth v. Dillon*, 925 A.2d 131, 136 (Pa.2007) (quoting *Grady v. Frito–Lay, Inc.*, 839 A.2d 1038, 1046 (Pa.2003)).

During the trial, the Commonwealth presented Ms. Keller's father, Paul Keller, as a witness. During cross-examination of Mr. Keller, the following exchange occurred:

> [DEFENSE COUNSEL]: You've had a -- is it fair to say you've had a tumultuous relationship with [Appellant]?

[WITNESS]: A small choice of a relationship?

[DEFENSE COUNSEL]: Tumultuous. Stormy.

[WITNESS]: A stormy relationship?

[DEFENSE COUNSEL]: Yes.

THE COURT: With [Appellant].

[WITNESS]: Yes.

[DEFENSE COUNSEL]: And you don't much care for [Appellant]; is that correct?

[WITNESS]: Well, if he wasn't so rude and --

[DEFENSE COUNSEL]: Objection. Yes or no.

[COMMONWEALTH]: Objection, Your Honor.

THE COURT: Excuse me. You asked the question, [defense counsel]. This is the answer you're getting. You can answer, sir.

[WITNESS]: I try. And he's pulled out guns on me and threatened me. So it just -- no, it didn't work out.

[DEFENSE COUNSEL]: I have nothing further.

[COMMONWEALTH]: Your Honor, I have no further questions.

N.T, 9/2/2014, at 98-99. Appellant claims Mr. Keller's response, i.e., that Appellant "pulled out guns on me and threatened me," constituted impermissible bad acts evidence. Appellant's Brief at 10-13.

Pursuant to the Pennsylvania Rules of Evidence: "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Pa.R.Evid. 404(b)(1). However, "[w]hen . . . defense counsel puts a question to a witness that cannot be answered fairly without

a statement of fact as explanation, then the explanation is deemed to be invited by counsel, and complaint that it was added to the answer cannot be made." ***Commonwealth v. Frank***, 398 A.2d 663, 672 (Pa.Super.1972); ***accord Commonwealth v. Miller***, 481 A.2d 1221, 1222 (Pa.Super.1984); ***Commonwealth v. Dalton***, 185 A.2d 653, 656 (Pa.Super.1962); ***see also Commonwealth v. Fischere***, 70 A.3d 1270, 1278-79 (Pa.Super.2013) (*en banc*) (Commonwealth's questions regarding Appellant's silence during second investigation was fair response to defense counsel question regarding appellant's answers to investigators during initial interview).

Although defense counsel wanted a yes or no response, the trial court did not err when it permitted the witness to explain why the witness did not care for Appellant. Defense counsel's question invited an explanation, rather than merely a yes or no response. The trial court did not abuse its discretion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/3/2016