**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSHUA JEAN, | |
| Appellant | No. 2959 EDA 2015 |

Appeal from the Judgment of Sentence Entered July 14, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0013192-2013

BEFORE:  BENDER, P.J.E., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:　　　　　**FILED NOVEMBER 22, 2016**

Appellant, Joshua Jean, appeals from the judgment of sentence of three years' probation, imposed after he was convicted by a jury of possession with intent to deliver (PWID) and possession of a controlled substance.  Appellant argues on appeal that the trial court erred by failing to grant his motion for a mistrial, made after a prosecution witness referred to Appellant's prior incarceration in an unrelated case.  After careful review, we affirm.

The trial court summarized the facts of Appellant's case, as follows:

> On December 4[], 2012, at around 11:45 a.m., Police Officer Jason Branyan was conducting surveillance on the 1500 block of Arrott Street in Philadelphia.  Officer Branyan observed [Appellant's] walking up and down the 1500 block of Arrott Street multiple times.  At about 12:15 p.m., Michael Clark, with his hand out, approached the area where [Appellant] had just stepped out of view.  About thirty seconds later, Clark walked

away with his left hand in his pocket towards Penn Street. Believing Clark had purchased drugs, Officer Branyan put out flash information regarding Clark. Police Officer Andre Hudgens stopped Clark less than two blocks away on the 1500 block of Foulkrod Street. Officer Hudgens recovered a Ziploc bag containing marijuana from Clark's front left pocket.

At about 12:45 p.m., Officer Branyan observed Julia Berry have a brief conversation with Rashee Sullivan who was standing on the north side of Arrott Street. Sullivan called across the street to [Appellant] who was standing on the south side of Arrott Street. After [Appellant] crossed the street to where Berry and Sullivan were standing, Berry handed an object to [Appellant] who walked back across the street. [Appellant] returned with his hand in his pocket and handed an object to Berry who then walked away. Believing Berry had purchased drugs, Officer Branyan transmitted a flash description of Barry [*sic*]. Police Officer Michael Schaffer stopped Berry about two blocks away on the 1300 block of Arrott Street. Officer Schaffer recovered four Ziploc packets containing marijuana from Berry.

Pursuant to information received from Officer Branyan, Sergeant Michael Cerruti entered an alley located on the south side of Arrott Street, just east of 1514 Arrott Street. Along the fence in the alley[,] Sergeant Cerruti found a clear plastic bag with two Ziploc packets containing marijuana. Sergeant Cerruti and Officer Sean Kennelly located [Appellant] and Sullivan in a house at the back of the alley. After Officer Sean Kennelly confiscated $100 in United States currency from Sullivan, both [Appellant] and Sullivan were arrested.

Trial Court Opinion (TCO), 9/23/14, at 2-3 (citations to the record omitted).

Appellant was charged with PWID (marijuana), 35 P.S. § 780-113(a)(3), and possession of a controlled substance (marijuana), 35 P.S. § 780-113(a)(16). A jury trial commenced in May of 2014 and, at the close thereof, Appellant was convicted of both crimes. On July 14, 2014, the court sentenced Appellant to three years' probation for PWID, and no further penalty for his possession offense. Appellant filed a timely notice of appeal,

and also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, Appellant presents one question for our review:

> Did not the lower court err in denying [A]ppellant's request for a mistrial where Officer Branyan's trial testimony that [A]ppellant had previously been arrested was an inadmissible statement of unrelated, prior criminal activity which, by virtue of its prejudicial impact, required that a mistrial be granted?

Appellant's Brief at 3.

We begin by noting that:

> The standard of review we apply when addressing a motion for mistrial is well settled.

>> In criminal trials, the declaration of a mistrial serves to eliminate the negative effect wrought upon a defendant when prejudicial elements are injected into the case or otherwise discovered at trial. By nullifying the tainted process of the former trial and allowing a new trial to convene, declaration of a mistrial serves not only the defendant's interests but, equally important, the public's interest in fair trials designed to end in just judgments. Accordingly, the trial court is vested with discretion to grant a mistrial whenever the alleged prejudicial event may reasonably be said to deprive the defendant of a fair and impartial trial. In making its determination, the court must discern whether misconduct or prejudicial error actually occurred, and if so, ... assess the degree of any resulting prejudice. Our review of the resulting order is constrained to determining whether the court abused its discretion.

> *Commonwealth v. Hogentogler*, 53 A.3d 866, 877–878 (Pa. Super. 2012) (citation omitted), *appeal denied,* 620 Pa. 720, 69 A.3d 600 (2013).

> It is also well established that evidence of other crimes, wrongs, or acts may not be presented during trial against a criminal defendant as either character or proclivity evidence. Pa.R.E. 404(b); *Commonwealth v. Padilla*, 923 A.2d 1189,

- 3 -

1194 (Pa. Super. 2007), *appeal denied,* 594 Pa. 696, 934 A.2d 1277 (2007).

> However, mere passing references to prior criminal activity will not necessarily require reversal unless the record illustrates definitively that prejudice results. Prejudice results where the testimony conveys to the jury, either expressly or by reasonable implication, the fact of another criminal offense. Determining whether prejudice has occurred is a fact specific inquiry.

> ***Padilla, supra*** at 1194–1195 (citations and quotation marks omitted). "If evidence of prior criminal activity is inadvertently presented to the jury, the trial court may cure the improper prejudice with an appropriate cautionary instruction to the jury." ***Commonwealth v. Hudson***, 955 A.2d 1031, 1034 (Pa. Super. 2008), *appeal denied,* 600 Pa. 739, 964 A.2d 1 (2009).

***Commonwealth v. Thompson***, 106 A.3d 742, 752–53 (Pa. Super. 2014), *appeal denied*, 134 A.3d 56 (Pa. 2016).

We now summarize the context in which prior bad act evidence was commented on by Officer Branyan at Appellant's jury trial. During defense counsel's cross-examination of Officer Branyan, counsel attempted to demonstrate that the officer had misidentified Appellant as the person who sold narcotics. In this regard, defense counsel suggested that Rashee Sullivan closely resembles Appellant and was the person that Officer Branyan saw selling drugs. ***See*** N.T. Trial, 5/12/14, at 99 (defense counsel's questioning Officer Branyan about the fact that "Sullivan and [Appellant] look alike"); ***id.*** at 100-101 (defense counsel's asking Officer Branyan about the similar height, build, facial hair, and race of Sullivan and Appellant).

On re-direct examination, the Commonwealth sought to show that Officer Branyan could tell the difference between Appellant and Sullivan

because he knew Appellant prior to the narcotics transactions in 2012. To demonstrate this point, the Commonwealth asked the officer: "Outside of this event that happened on December 4th, 2012, had you had prior contact with [Appellant]?" *Id.* at 110. Officer Branyan replied, "*I believe we locked him up.*" *Id.* (emphasis added). Defense counsel immediately objected, and the court sustained the objection and struck the officer's testimony. *Id.* The Commonwealth then continued to question the officer, eliciting testimony that the officer had had "contact" with Appellant when he was a juvenile. *Id.* at 111.

Defense counsel subsequently requested a mistrial based on Officer Branyan's comment regarding Appellant's prior incarceration. *Id.* at 117. The court denied that request, but offered to give a curative instruction. *Id.* at 118. After conferring with Appellant, defense counsel requested the court provide the following charge:

> You heard Officer Branyan testify that he had contact with [Appellant] when [Appellant] was a juvenile. This was completely improper. You may not consider this testimony as accurate in evaluating the merits of this chase [*sic*]. However, you may consider the improper motives of Officer Branyan and this deliberate impropriety when assessing his credibility or lack thereof.

N.T. Trial, 5/13/14, at 6. The court refused to give this curative instruction, concluding that "it was inaccurate and misleading," as Officer Branyan's "testimony was truthful and the court had no evidence before it as to any potential motive for the officer's testimony." TCO at 5. However, the court offered to draft a curative instruction, or to permit defense counsel to

- 5 -

propose another charge. *Id.* at 8. Defense counsel declined, stating that if the court would not give the above-quoted instruction, he did not want any instruction at all. *Id.* Consequently, no curative instruction was provided, and there was no further mention of Officer Branyan's remark regarding Appellant's prior incarceration. At the close of the trial, the court provided a general jury instruction that Appellant was presumed to be innocent throughout trial, that his arrest and criminal charges were not evidence of his guilt, and that the jury must assess, based on the evidence presented at trial, whether the Commonwealth had met its burden of proving him guilty beyond a reasonable doubt. *Id.* at 138-39.

Now, on appeal, Appellant contends that the court erred by denying his motion for a mistrial. First, Appellant challenges the trial court's conclusion that the Commonwealth did not intentionally elicit the at-issue comment by Officer Branyan. *See* TCO at 5 ("The statement was not intentionally elicited by the Commonwealth as the prosecutor was trying to elicit the fact that Officer Branyan knew the difference between [Appellant] and Sullivan."). Appellant argues that "[t]here is no factual record supporting [the court's] *post hoc* conclusion…." *Id.* Instead, he maintains that the record supports a conclusion that the prosecutor intentionally elicited Officer Branyan's remark by asking "a question to her police witness about '*prior contact*' with [A]ppellant," which is "practically a term of art meaning prior arrests in this context." *Id.* at 12-13 (emphasis added). Appellant insists that, at the very least, the prosecutor "assumed the risk"

that her question would elicit Officer Branyan's improper testimony. *Id.* at 13 (citing *Commonwealth v. Gaerttner*, 484 A.2d 92, 100 (Pa. Super. 1984) (finding that the prejudicial response by the witness was clearly in response to the prosecutor's question and, noting that "[w]hen the question was asked, the prosecutor either knew what the answer would be, in which case there was an intentional and improper introduction of evidence of prior criminal activity, or he did not know what the answer would be and assumed the risk").

We are compelled to agree with Appellant that the prosecutor should have at least *expected* that her question could elicit a response from Officer Branyan about Appellant's prior arrest or incarceration. The prosecutor was aware that Officer Branyan had arrested Appellant in 2008 for criminal trespass. *See* N.T. Trial, 5/12/14, at 117-18. Therefore, her question to the officer regarding his 'prior contact' with Appellant assumed the risk that he would refer to that 2008 arrest and/or imprisonment.

Next, we must determine if the prejudice suffered by Appellant due to the officer's comment warrants a new trial. In this vein, the trial court concludes that defense counsel's strategic decision to forego a curative instruction waived Appellant's ability to plead prejudice on appeal. *See* TCO at 6. In support of its decision, the court cites *Commonwealth v. Miller*, 481 A.2d 1221 (Pa. Super. 1984). There, a defense witness improperly commented about Miller's prior incarceration. *Id.* at 1222. Defense counsel moved for a mistrial, which the court denied. *Id.* However, the court

offered to provide a curative instruction. *Id.* Defense counsel refused, reasoning that he did not want to "draw further attention to the remark." *Id.* at 1223. On appeal, this Court declared that, "[w]hen counsel chooses to refuse appropriate curative instructions for this legitimate tactical reason, the defense may not plead prejudice on appeal." *Id.* (citing *Commonwealth v. Quartman*, 385 A.2d 429, 432 (Pa. Super. 1978) (stating that "counsel's decision to forego curative instructions [regarding an improper reference to the defendant's post-arrest silence] may prove to have been a tactical error; it is likewise irremediable. In every case, it is a tactical decision to be made by defense counsel, and the rendering of an unfavorable verdict should not entitle a defendant, who did not elect to protect himself to the maximum [extent] in his first trial, to an automatic retrial.")). Based on *Miller*, the trial court concludes that Appellant cannot plead prejudice on appeal.

In response, Appellant argues that he did not waive his right to assert prejudice, relying primarily on *Commonwealth v. Durant*, 407 A.2d 1311 (Pa. Super. 1979). In *Durant*, a prosecution witness was asked whether she knew where Durant lived, to which she replied, "Yes, but I didn't know he was here in the city. … *I didn't know he was out of jail, really*." *Id.* at 1311 (emphasis in original). Durant's counsel moved for a mistrial, which was denied. *Id.* Counsel then refused the court's offer of a curative instruction. *Id.* On appeal, this Court overlooked counsel's strategic decision, reasoning that curative instructions would have been inadequate

- 8 -

"[b]ecause of the nature of the testimonial reference…." *Id.* at 1312. We stressed that the prejudice caused to Durant was high, noting that the comment about Durant's prior time in jail came from a witness with "a strong desire … to convict" Durant, and the remark "served only to convey to the jury that [Durant] had been convicted of a crime in the past." *Id.*

Our review of *Durant* convinces us that our decision therein was limited to the specific facts and circumstances of that case. Nothing in the language of the *Durant* decision suggests that we intended to create a general holding that defense counsel may reject a court's offer of a curative instruction, yet plead uncured prejudice on appeal. In any event, *Miller* was decided after *Durant*, and *Miller* holds, as a general proposition, that counsel's decision to forego a cautionary instruction, in the *specific* context of improper remarks pertaining to the defendant's prior bad acts, precludes the defendant from asserting prejudice on appeal. Thus, *Miller* calls into question *Durant's* continued validity.[1,2]

---

[1] We add that an *en banc* panel of this Court reiterated the *Miller* holding in *Commonwealth v. Norman*, 549 A.2d 981, 986 (Pa. Super. 1988) (*en banc*) (noting, as an alternative basis for affirming Norman's judgment of sentence, that the defendant could not plead, on appeal, that he was prejudiced by a detective's testimony that he advised the victim that Norman was "dangerous," where defense counsel refused a curative instruction regarding that improper testimony) (quoting *Miller*, 481 A.2d at 1223) ("When counsel chooses to refuse appropriate curative instructions for [a] legitimate tactical reason, the defense may not plead prejudice on appeal.").

Consequently, Appellant's reliance on **Durant** is unconvincing, and we agree with the trial court that under **Miller**, defense counsel's decision to refuse a curative instruction precludes him from arguing, on appeal, that he suffered uncured prejudice warranting a new trial. Therefore, we ascertain no abuse of discretion in the court's decision to deny Appellant's motion for a mistrial.

Judgment of sentence affirmed.

Judge Dubow joins this memorandum.

Judge Musmanno joins this memorandum and files a concurring statement in which Judge Dubow joins.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/22/2016

_____

*(Footnote Continued)* _____

[2] Appellant also cites **Gaerttner**, which discussed **Durant**, and **Commonwealth v. Laughman**, 452 A.2d 548 (Pa. Super. 1982). However, in both **Gaerttner** and **Laughman**, cautionary instructions *were provided* following inadvertent comments about the defendants' prior bad acts. Thus, neither the **Gaerttner** nor **Laughman** panels specifically ruled on the issue of waiver based on defense counsel's decision *not to have* a cautionary instruction provided to the jury.