J-A21014-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JOSHUA JEAN, | : | |
| | : | |
| Appellant | : | No. 2959 EDA 2015 |

Appeal from the Judgment of Sentence July 14, 2014
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s):  CP-51-CR-0013192-2013

BEFORE:  BENDER, P.J.E., DUBOW and MUSMANNO, JJ.

CONCURRING STATEMENT BY MUSMANNO, J.:  **FILED NOVEMBER 22, 2016**

I agree with the Majority's conclusion that, where the prosecutor had elicited testimony regarding Appellant's prior arrest (or incarceration), defense counsel's decision to forego a curative instruction waived Appellant's ability to plead prejudice on appeal.  ***See Commonwealth v. Norman***, 549 A.2d 981, 986 (Pa. Super. 1988) (*en banc*) (citing ***Commonwealth v. Miller***, 481 A.2d 1221 (Pa. Super. 1221 (Pa. Super. 1984), and concluding that, "[w]hen counsel chooses to refuse appropriate curative instructions for [a] legitimate tactical reason, the defense may not plead prejudice on appeal.").  I write separately to express my disagreement with the conclusions reached by this Court in ***Norman*** and ***Miller***.

A trial court may grant a mistrial "only where the incident upon which the motion is based is of such a nature that its unavoidable effect is to deprive the defendant of a fair trial by preventing the jury from weighing

and rendering a true verdict." **Commonwealth v. Cash**, 137 A.3d 1262, 1273 (Pa. 2016) (citation omitted). However, our Supreme Court has concluded that "'[a] mistrial is not necessary where cautionary instructions are adequate to overcome prejudice.'" **Id.** (quoting **Commonwealth v. Chamberlain**, 30 A.3d 381, 422 (Pa. 2011)).

Absent a defendant's confession, nothing can be more damaging and prejudicial to a defendant than testimony regarding a defendant's prior arrest or conviction. In my 35 years of judicial experience, once a jury learns of a defendant's prior conviction, the presumption of innocence, in reality, disappears. The impact of such testimony is immediate, and prevents the jury "from weighing and rendering a true verdict." **See Cash**, 137 A.3d at 1273. The remedy of a "curative" instruction is illusory, as it cannot overcome the impact of such testimony on a jury.

Judge Dubow joins this concurring statement.