442 A.2d 1175

**COMMONWEALTH of Pennsylvania**

v.

**Curtis Lee HARGROVE, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 25, 1981.

Filed March 19, 1982.

526

Robert A. Longo, Lancaster, for appellant.

Michael H. Ranck, District Attorney, Lancaster, for Commonwealth, appellee.

Before SPAETH, WIEAND and JOHNSON, JJ.

WIEAND, Judge:

Curtis Lee Hargrove was tried by jury and convicted of criminal conspiracy, robbery, aggravated assault, and burglary as a result of events which occurred at a Lancaster home on July 9, 1979. Post trial motions were denied, and a sentence of 10 to 20 years imprisonment was imposed. On appeal, Hargrove argues that a reference to his prior incarceration, made by a Commonwealth witness during cross-examination by defense counsel, was prejudicial and required a new trial. We disagree and affirm the judgment of sentence.

Appellant had been accompanied during the robbery by one Donna Marie Williams. She testified at trial that appellant had struck the elderly victim and had stolen a purse containing $225. On cross-examination, Ms. Williams testified that she had been a former girlfriend of appellant but had not seen appellant for some time prior to the

incident because she had been residing in Philadelphia. During cross-examination by defense counsel, the following exchange took place:

Q. And you were staying with Curtis?

A. No, I was staying at my sister's house.

Q. Were you seeing Curtis alot while you were here?

A. I only seen him about once or twice because I think he had just got out of jail somewhere.

Defense counsel moved for a mistrial. The motion was denied, but the trial judge immediately gave precautionary instructions as follows:

You are to ignore this witness' last answer as not being responsive to the question at all and being totally irrelevant and immaterial to the issues involved in this case. As a matter of fact, it is not correct that Mr. Hargrove had just gotten out of jail. He was not in jail.

So you are directed to ignore this answer, and I am directing that that answer not be considered by you in any way. You eliminate it entirely from your minds and your consideration of the evidence on these particular charges that have been filed, and the Commonwealth has been instructed to advise their witnesses to be responsive to the questions and to answer only the questions that are asked. That goes for you as well as any other Commonwealth witness.

Now you understand my clear instruction. Just ignore that answer because it wasn't correct and it was totally irrelevant and immaterial to the charges that are brought here.

"It is established, beyond argument, that a testimonial reference indicating to the jury that the accused has been engaged in other criminal activity, denies the accused a fair trial and requires a retrial, except under well-defined and limited circumstances...." *Commonwealth v. Washington*, 488 Pa. 133, 138, 411 A.2d 490, 492 (1979). However, as noted in *Commonwealth v. Williams*, 470 Pa. 172, 178, 368 A.2d 249, 252 (1977), "there are situations where the taint,

resulting from an improper reference to an unrelated criminal act, may be expunged without resort to the extreme remedy of aborting an otherwise fair trial." Where the improper remark has been unintentional and innocuous, "immediate and effective curative instructions may remedy the error." *Commonwealth v. Williams*, id., 470 Pa. at 178, 368 A.2d at 252.

In the instant case, the question answered by the witness had been asked by defense counsel. There was no basis for concluding, and appellant does not contend, that the response of the witness was an intentional attempt to prejudice him or that the representatives of the Commonwealth were in any way responsible for it. The answer of the witness, in fact, was unresponsive to the question asked. She had not been uncooperative or hostile at any other point during the questioning. Cf. *Commonwealth v. Durant*, 268 Pa.Superior Ct. 191, 407 A.2d 1311 (1979). The remark was unsolicited and isolated, and was of the type which "[fell] far short of depriving appellant of a fair and impartial trial." *Commonwealth v. Whitman*, 252 Pa.Superior Ct. 66, 77, 380 A.2d 1284, 1289 (1977) (witness asked how often she had seen defendant; she replied "I had seen him about a week before that, he had just had his . . . you know, come home from prison." Held: no prejudice).

Furthermore, the judge gave a prompt and extensive cautionary instruction which removed any possible prejudicial effect of the unresponsive answer by the witness. See: *Commonwealth v. Hutchinson*, 290 Pa.Superior Ct. 254, 434 A.2d 740 (1981). Not only did the judge tell the jury to ignore the remark, but he went further and told them that the witness' information was factually incorrect. Corrective instructions of this nature were sufficient to neutralize the effect of the witness' statement. *Commonwealth v. Williams*, supra, 470 Pa. at 179, 368 A.2d at 252.

Judgment of sentence affirmed.

SPAETH, J., concurs in the result.