**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CURTIS SHABAZ HENDERSON JR. | : | |
| | : | |
| Appellant | : | No. 32 WDA 2024 |

Appeal from the Judgment of Sentence Entered December 4, 2023
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002528-2021

BEFORE:  PANELLA, P.J.E., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED: JULY 23, 2024**

Appellant, Curtis Shabaz Henderson Jr., appeals from the aggregate judgment of sentence of 8½ to 17 years' incarceration, imposed after a jury convicted him of various firearm and drug offenses, including possession of a firearm by a person prohibited (18 Pa.C.S. § 6105(a)(1)) and possession with intent to deliver a controlled substance (35 P.S. § 780-113(a)(30)).  On appeal, Appellant solely challenges the trial court's failure to grant a mistrial after the jury was informed of his prior bad acts, through testimony of a police officer that Appellant was on parole.  After careful review, we affirm.

We briefly summarize the facts underlying Appellant's convictions as follows.  On July 24, 2021, City of Erie Police Officer Donald Shakespeare and his partner were on routine patrol during daylight hours when they "observed a silver Chevy Impala with the passenger brake light out."  N.T. Trial, 10/11/23, at 100.  Officer Shakespeare stopped the vehicle, in which Appellant

was a backseat passenger. *Id.* at 101, 102. Ultimately, the vehicle was searched pursuant to a warrant, and a gun and drugs were found in the backseat where Appellant had been the only person sitting. *Id.* at 106.

Appellant was arrested and later charged with various drug and firearm offenses. He proceeded to a jury trial in October of 2023. At the close thereof, the jury convicted him of all the offenses with which he was charged. On December 4, 2023, the court sentenced Appellant to the aggregate term set forth *supra*. He did not file any post-sentence motions. Appellant filed a timely notice of appeal on January 2, 2024.

On January 9, 2024, the trial court issued an order for Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal within 21 days. In the order, the court notified Appellant that "[a]ny issue not properly included in the Statement timely filed and served pursuant to [Rule] 1925(b) shall be deemed waived." Trial Court Order, 1/9/24, at 1 (single page). On January 30, 2024, Appellant's counsel, Anthony Rodrigues, Esq., filed a motion for an extension of time to file the Rule 1925(b) statement. On January 31, 2024, the court issued an order granting counsel's motion and directing that Appellant's concise statement be filed by February 21, 2024. The court's order also declared that "[a]ll other terms of the original [Rule] 1925(b) [o]rder of January 9, 2024[,] remain in effect and are incorporated herein by reference." Trial Court Order, 1/31/24, at 1 (single page).

Attorney Rodrigues never filed a Rule 1925(b) statement on Appellant's behalf. Thus, on February 28, 2024, the court issued a Rule 1925(a) opinion

finding that any issue Appellant seeks to raise on appeal is waived. Trial Court Opinion, 2/28/24, at 1. In his brief to this Court, Attorney Rodrigues fails to mention the court's waiver determination, instead presenting argument solely related to the single issue he raises on Appellant's behalf: "Whether the trial court erred by denying the defense motion for a mistrial when a witness for the prosecution, a policeman, the affiant, on direct[-]examination, responded to a question posed by the prosecutor, stat[ing that Appellant] 'was on parole[.']" Appellant's Brief at 2 (unnumbered).

We agree with the trial court that Appellant's issue is waived. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."); *Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 225 (Pa. Super. 2014) (*en banc*) ("[I]n determining whether an appellant has waived his issues on appeal based on non-compliance with Pa.R.A.P. 1925, it is the trial court's order that triggers an appellant's obligation[.] ... [T]herefore, we look first to the language of that order.") (citations omitted). The court's Rule 1925(b) order clearly notified Appellant that any issue not raised in a timely-filed statement would be deemed waived. Thus, Attorney Rodrigues's failure to file a Rule 1925(b) statement on Appellant's behalf has waived the single issue that Appellant seeks to raise herein.

Nevertheless, even if not waived, no relief would be due.[1] Preliminarily, we note that the brief filed by Attorney Rodriques fails to comply with the Pennsylvania Rules of Appellate Procedure. In particular, there is no Statement of the Case (Pa.R.A.P. 2117), Statement of Questions Involved (Pa.R.A.P. 2116), or Summary of Argument (Pa.R.A.P. 2118). Nevertheless, counsel clearly raises in Appellant's brief the single issue stated above, and provides adequate discussion of that claim. Accordingly, we will not dismiss this appeal based on Attorney Rodriques's briefing errors.

Appellant specifically contends that the court erred by denying his motion for a mistrial after Officer Shakespeare stated, during direct-examination, that Appellant was on parole. We begin by recognizing:

> The standard of review we apply when addressing a motion for mistrial is well settled.
>
> > In criminal trials, the declaration of a mistrial serves to eliminate the negative effect wrought upon a defendant

---

[1] We recognize that Pa.R.A.P. 1925(c)(3) states that, "[i]f an appellant represented by counsel in a criminal case was ordered to file and serve a Statement and either failed to do so, or untimely filed or served a Statement, such that the appellate court is convinced that counsel has been *per se* ineffective, and the trial court did not file an opinion, the appellate court **may** remand for appointment of new counsel, the filing or service of a Statement *nunc pro tunc*, and the preparation and filing of an opinion by the judge." Pa.R.A.P. 1925(c)(3) (emphasis added). Here, although the trial court did not address Appellant's issue in its opinion, the basis for the court's decision to deny his motion for a mistrial is clear from the discussion between the court and parties on the record. **See** N.T. Trial at 108-116. Moreover, we would conclude, for the reasons stated *infra*, that no relief would be due on Appellant's claim, even had counsel timely raised it in a Rule 1925(b) statement. Therefore, we decline to remand pursuant to Rule 1925(c)(3).

- 4 -

when prejudicial elements are injected into the case or otherwise discovered at trial. By nullifying the tainted process of the former trial and allowing a new trial to convene, declaration of a mistrial serves not only the defendant's interests but, equally important, the public's interest in fair trials designed to end in just judgments. Accordingly, the trial court is vested with discretion to grant a mistrial whenever the alleged prejudicial event may reasonably be said to deprive the defendant of a fair and impartial trial. In making its determination, the court must discern whether misconduct or prejudicial error actually occurred, and if so, ... assess the degree of any resulting prejudice. Our review of the resulting order is constrained to determining whether the court abused its discretion.

*Commonwealth v. Hogentogler*, 53 A.3d 866, 877–[]78 (Pa. Super. 2012) (citation omitted)….

It is also well established that evidence of other crimes, wrongs, or acts may not be presented during trial against a criminal defendant as either character or proclivity evidence. Pa.R.E. 404(b); *Commonwealth v. Padilla*, 923 A.2d 1189, 1194 (Pa. Super. 2007)….

However, mere passing references to prior criminal activity will not necessarily require reversal unless the record illustrates definitively that prejudice results. Prejudice results where the testimony conveys to the jury, either expressly or by reasonable implication, the fact of another criminal offense. Determining whether prejudice has occurred is a fact specific inquiry.

*Padilla, supra* at 1194–[]95 (citations and quotation marks omitted). "If evidence of prior criminal activity is inadvertently presented to the jury, the trial court may cure the improper prejudice with an appropriate cautionary instruction to the jury." *Commonwealth v. Hudson*, 955 A.2d 1031, 1034 (Pa. Super. 2008).

*Commonwealth v. Thompson*, 106 A.3d 742, 752–53 (Pa. Super. 2014).

In this case, Appellant takes issue with the trial court's denying his motion for a mistrial after the following exchange between the Commonwealth and Officer Shakespeare:

> [The Commonwealth:] Why would you check if [Appellant] had a license to carry a firearm?
>
> [Officer Shakespeare:] There is three different reasons. So, one of them --
>
> [The Commonwealth:] Let me just rephrase. Why would you think that you needed to check [Appellant's] name of whether he can carry a firearm and not the other passengers in the car?
>
> [Officer Shakespeare:] So, [Appellant] was on parole --
>
> [The Commonwealth:] No, no.
>
> [Attorney Rodrigues:] Judge, sidebar, please.

N.T. Trial at 108.

The court then recessed the trial and, after the jury was removed, Attorney Rodrigues argued that a mistrial was warranted because there was no way to cure the prejudice caused to Appellant by the jury's being notified that he is "a criminal, a convict." *Id.* at 110. After further discussion, the court asked the parties to "do some research" on the appropriate remedy, and it recessed for an additional 15 minutes. *Id.* 110-11. When court resumed, the Commonwealth notified the court that Officer Shakespeare's testimony was technically incorrect, as Appellant had not been on parole but, rather, he had been on probation. *Id.* at 112. Accordingly, the court suggested that it issue the following curative instruct:

> THE COURT: I will tell [the jury] we had to take a break to straighten out an issue here. The witness on the stand told you

that [Appellant] was on parole. I'm here telling you now that that is absolutely not the case and [Appellant] was not on parole, and you are not to consider in any way, shape, or form that he had any prior trouble, whatsoever.

*Id.* at 116. To this, Attorney Rodrigues replied, "If that's the way it's got to be, it's got to be that way." *Id.*

Accordingly, when the jury returned, the court instructed them as follows:

THE COURT: Ladies and gentlemen of the jury[,] thank you for your patience, we apologize for having to take a break but we had to check some things out and clarify some things and make sure that we were 100 percent right about this. The witness that was up here, he mentioned that [Appellant] was on parole, okay. And we double and triple checked this[,] and he is not on parole. So, I want you to disregard that statement and it's not relevant at all to this proceeding. He definitely is not on parole. [Appellant] sits here as innocent as any other human being that might be on trial for something. He is presumed to be innocent and he is at this stage of this trial an innocent man. So, completely disregard that statement. It's not to affect you in any way, shape, or form, and we should be ready to proceed.

*Id.* at 121-22. Notably, Attorney Rodrigues lodged no objection to the court's instruction. *See id.* at 122.

Now, on appeal, Appellant argues that Officer Shakespeare's testimony was unduly prejudicial, as "[t]he jury would reasonably infer that [Appellant] was previously convicted of a serious crime." Appellant's Brief at 5 (unnumbered). Additionally, Appellant argues that the trial court's attempt to cure the prejudice caused by Officer Shakespeare's testimony was inadequate, arguing as follows:

The court, in the attempt to remedy the error of the tainted testimony, instructed the jury that[,] regarding [Appellant], "he was not on parole[."] The only conceivable cure was to inform the

jury that [Appellant] did not have a criminal past. "He was not on parole" reasonably impl[ied that] the period of parole was expired or perhaps … that [Appellant] was on probation. The statement was made by the affiant[, Officer Shakespeare,] and therefore was even more prejudicial to … [A]ppellant. The jury observed the affiant seated beside the prosecutor during the trial. He was in a position of authority and the position to know the criminal background of … [A]ppellant. The attempt to cure was unsuccessful.

*Id.*

Appellant's arguments are unconvincing. First, we disagree with Appellant's suggestion that the prejudice in this case is equivalent to other cases involving prior bad acts evidence. Namely, Appellant contends that this case is "undistinguishable" from ***Commonwealth v. Gaerttner***, 484 A.2d 92 (Pa. 1984), where an inmate testifying for the Commonwealth stated that he met Gaerttner "in the County Jail a long time ago." *Id.* at 99. Gaerttner immediately moved for a mistrial, which the court denied, instead giving a curative instruction that the jury must "disregard the answer to where the witness met [Gaerttner]." *Id.* at 100.

On appeal, we concluded that the trial court erred by denying Gaerttner's motion, stressing that,

[w]here the prosecution witness was himself confined to jail at the time of his testimony, the prosecutor did not exercise proper precaution in asking the witness, who said he knew [Gaerttner] for ten years, an irrelevant question as to where he met [Gaerttner]. The answer was completely responsive to the question, and since the prosecutor apparently did not know what the answer would be, he ran a substantial risk that the answer would be prejudicial to [Gaerttner]. In the circumstances of this case, the curative instructions did not remove the prejudice suffered by [Gaerttner] and he was denied a fair trial.

*Id.* at 107.

Not only was the holding of **Gaerttner** limited to the specific facts of that case, it was also premised significantly on the intentionality – or at least the recklessness – of the prosecutor's question that elicited the prejudicial testimony. Here, in contrast, Appellant made no claim below – and makes none on appeal – that the Commonwealth's question was intentionally designed to elicit testimony that Appellant was on parole, or that it even risked such an answer.

Moreover, unlike in **Gaerttner**, here the court not only instructed the jury to disregard Officer Shakespeare's statement, but it repeatedly told them that Appellant was **not** actually on parole. Thus, we find Appellant's case to be more similar to **Commonwealth v. Hargrove**, 442 A.2d 1175 (Pa. Super. 1982). There, a witness on cross-examination stated that she believed Hargrove "had just got [*sic*] out of jail somewhere." **Id.** at 1176. Hargrove moved for a mistrial, which was denied. In cautionary instructions that were immediately given, the court not only told the jury to disregard the reference, but it also stated that, "[a]s a matter of fact, it is not correct that [] Hargrove had just gotten out of jail. He was not in jail." **Id.** In affirming the trial court's denial of a mistrial, we emphasized that

> the judge gave a prompt and extensive cautionary instruction which removed any possible prejudicial effect of the unresponsive answer by the witness. ***Not only did the judge tell the jury to ignore the remark, but he went further and told them that the witness' information was factually incorrect. Corrective instructions of this nature were sufficient to neutralize the effect of the witness' statement.***

**Id.** (some internal citations omitted; emphasis added).

The same is true in the instant case. The trial court immediately instructed the jury to not only disregard the officer's testimony, but it also repeatedly stressed that Appellant was **not** on parole. Accordingly, as in **Hargrove**, the court's instruction in this case was sufficient to remedy any prejudice caused by the isolated reference to Appellant's being on parole, especially where nothing in the record indicates that the testimony was intentionally elicited by the Commonwealth. Moreover, to the extent Appellant now argues that the trial court's instruction was inadequate, we observe that he offered no input when the court informed the parties of its intended instruction, and he lodged no objection after the instruction was given to the jury. Therefore, he cannot now complain that the instruction was insufficient.

Accordingly, even had Attorney Rodrigues preserved Appellant's issue in a timely-filed Rule 1925(b) statement, we would deem his claim meritless.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 07/23/2024

- 10 -